996 F.2d 1218
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Desmond S. NELSON; Michael A. Davis, Defendants-Appellants.
 Nos. 92-3168, 92-3175.
 United States Court of Appeals, Sixth Circuit.
 May 28, 1993.
 
 Before MARTIN and MILBURN, Circuit Judges and WELLFORD, Senior Circuit Judge.
 
 AMENDED OPINION
 
 1
 The court has previously filed an opinion in this case on January 21, 1993, and the government has subsequently filed a timely motion for rehearing. The motion for rehearing correctly sets out that defendant Nelson, instead of defendant Davis, raised an assignment of error with respect to the possession of a firearm component of his sentence. Our opinion stated, erroneously (footnote 7), that "Nelson did not raise this argument" concerning error in respect to the gun issue). In fact, as pointed out by Nelson in his petition for rehearing, he, and not Davis, raised this issue: "Was the district court's determination that this defendant possessed a firearm during the commission of the offense of conviction erroneous?"
 
 
 2
 Davis, on the other hand, raised only the single issue concerning whether his sentence was properly calculated and determined under the guidelines without any specific reference to his possession of a firearm. We also stated, incorrectly, that "Davis also claims that the determination that he possessed a firearm during the commission of the crime was clearly erroneous." We should have stated that it was Nelson who made this specific challenge, although we believe Davis' issue might well also encompass this issue. Of course, the gun aspect, as it pertained to Nelson, was not dismissed in this case.
 
 
 3
 The possession of a gun was mentioned only in count one, the conspiracy offense, which made reference to both defendants' asking "the persons known to the grand jury to acquire firearms" so that they could "take care of business." There is apparently no dispute that Nelson was arrested by Columbus police while carrying a loaded pistol on March 19, 1991. At the time of his arrest, Nelson did not possess any drugs. Davis admitted to the probation officer, however, that he had been supplied a pistol by Nelson on several occasions, without tying it to the times and places of the offense involved in this indictment. At the same time, Davis admitted that he carried the gun while making several cocaine deliveries for Nelson. The undercover officer testified at the sentencing hearing that he was asked by the defendants to obtain guns for them, but refused their request.
 
 
 4
 The indictment alleges the conspiracy began sometime in August of 1990. Davis admitted to the probation officer that he had sold cocaine beginning some time in November of 1990. However, no testimony presented to this court in the joint appendix referred to any transactions before March, 1991. The government referred to a meeting of Nelson and Davis with the undercover officer sometime March, 1991. According to the presentence report, the first transaction took place March 21, 1991. We have noted that Nelson was arrested for possession of a weapon on March 19, 1991. We cannot ascertain, in light of the dates involved and the timing of the overt acts, why the district court considered it proper to provide a firearm adjustment for either defendant in this case.
 
 
 5
 In our prior opinion, we concluded that there was insufficient evidence to show that Davis possessed a gun during the drug transactions at issue in the indictment. Nelson was the leader in the drug dealings and only he is charged in counts two through four with substantive drug offenses. The only substantive offenses with which Davis was charged occurred after Nelson was arrested while carrying the pistol.
 
 
 6
 Under the circumstances, this court REMANDS this case for resentencing to the district court to ascertain and set out the basis, if any, for any firearm adjustment as to Nelson and/or Davis.